IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK09-81097-TLS |
| BETTY JANE TANNER, ) | A10-8047-TLS |
| ) | |
| Debtor(s). ) | CHAPTER 13 |
| BETTY JANE TANNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter was presented to the court on the plaintiff's motion for summary judgment (Fil. #6). Thomas Matthew McGuire III represents the debtor.

The motion is granted.

There are two perfected liens on the debtor's home, both held by Wells Fargo Bank, N.A. The first is in the amount of $87,110.56, and the second is in the amount of $13,667.78. The property was valued at $87,000.00 in an appraisal performed for the debtor in May 2009. Accordingly, the debtor asserts that, based on the lack of equity in the property, the second lien is wholly unsecured under 11 U.S.C. § 506(a) and is void under § 506(d).

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are established in the record:

1. The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 29, 2009.

2. The debtor owns and resides at real property legally described as Lot 3, Block 2, Thornburg Place, an addition to the City of Omaha, commonly known as 824 S. 41st Street, Omaha, NE 68105.

3. Wells Fargo Bank, N.A., holds a first lien on the property to secure an August 25, 2005, loan for $93,500.00. It is perfected by a recorded deed of trust. The balance of the bank's claim is $87,110.56.

4. Wells Fargo Bank, N.A., also holds a second lien on the property to secure a June 23, 2006, loan for $15,000.00. It is perfected by a recorded deed of trust. The balance of the claim is 13,667.78.

5. The fair market value of the property in May 2009 was $87,000.00.

6. Service on the defendant was properly made pursuant to Federal Rule of Bankruptcy Procedure 7004(h)(1) by mailing the summons and a copy of the complaint to the law firm that had entered an appearance for Wells Fargo in the bankruptcy case.

The legal issue presented here is whether the debtor may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing its security interest in the property. This question has already been decided in this jurisdiction by *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996).

In *Sanders*, the junior mortgagee argued that avoidance of its lien in the Chapter 13 plan would impermissibly modify its rights as a holder of a claim secured by a security interest in the debtor's personal residence under 11 U.S.C. § 1322(b)(2).

The Code at § 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may —
    . . . .
    (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322(b)(2) (emphasis supplied).

As support for its position, the junior mortgagee cited the United States Supreme Court in *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). In *Nobelman*, the United States Supreme

Court held that under § 1322(b)(2), a debtor could not strip off the lien of a partially secured creditor that held a lien on the debtor's principal residence. The Court analyzed the term "claim" in the "other than ..." clause of § 1322(b)(2), finding it did not refer back to the term "secured claims" in the preceding clause, but rather stood on its own and its definition encompassed both the secured and unsecured components of a partially secured creditor's claim. 508 U.S. at 330-31. The *Nobelman* decision did not address the claims of creditors like Wells Fargo that are wholly unsecured by the value of the collateral.

The court in *Sanders* found that in order for § 1322(b)(2) to control, the lien creditor must have a wholly or partially secured lien under a § 506(a) analysis of the claim:

> However, the § 506(a) analysis approved of by the [*Nobelman*] court would be superfluous if any claim secured by a lien on the debtor's principal residence were protected by the anti-modification provision. In other words, there would be no need for a § 506(a) analysis if fully secured, partially secured, and totally unsecured home mortgage lienholders all received the protection of the anti-modification provision, because in that instance any value assigned to the lienholder's claim components would be irrelevant in the treatment of the claim under § 1322(b)(2).

*Sanders*, 202 B.R. at 990. *See also In re Matthew & Kimberly Valentine*, Case No. BK07-40039 (Bankr. D. Neb. Mar. 23, 2007) (holding that, pursuant to the *Nobelman* and *Sanders* decisions, a lien may not be stripped down absent sufficient evidence that there is no equity in the property above the prior liens.)

This court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2d Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000); *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, (6th Cir. 2002); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002); *Tanner v. FirstPlus Fin., Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson)*, 226 B.R. 364 (D. Md. 1998); *Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831 (B.A.P. 1st Cir. 2000); *Griffey v. U.S. Bank (In re Griffey)*, 335 B.R. 166 (B.A.P. 10th Cir. 2005); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997); *Lewis v. State Street Bank (In re Lewis)*, 419 B.R. 804 (Bankr. E.D. Mo. 2009).

No material facts are in dispute. The debtor may strip off the wholly unsecured second lien held by Wells Fargo Bank for purposes of the Chapter 13 plan. However, the second lien shall not be avoided until the debtor completes the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, Wells Fargo Bank would continue to hold a valid and unavoided lien secured by the debtor's real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the debtor successfully completes the Chapter 13 plan.

IT IS ORDERED that for the foregoing reasons, the plaintiff's motion for summary judgment (Fil. #6) is granted. Separate judgment will be entered.

DATED: October 22, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Thomas Matthew McGuire III
    Jonathon B. Burford
    Kathleen A. Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.